# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| DONALD G. JONES, <br><br> Plaintiff, <br><br> v. <br><br> GOVERNOR BOBBY JINDAL, et al., <br><br> Defendants. |

Civil Action No. 10-1052 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's pro se complaint. Pursuant to the statute governing in forma pauperis proceedings, 28 U.S.C. § 1915, the Court is required to dismiss a complaint upon a determination that it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Donald Jones has brought this qui tam action pursuant to the False Claims Act, 31 U.S.C. § 3728 et seq., against thirteen states, the governors and attorney generals thereof, and each such state's Republican party, based on their allegedly unlawful participation in litigation challenging the validity of the health care reform legislation enacted earlier this year.[1] See Compl. at 10-25 (citing defendants' acts with respect to State of Florida v. U.S. Dep't of Health and Human Servs., Case No. 3:10-cv-00091 (S.D. Fla. filed Mar. 23, 2010)). While difficult to decipher, the essence of plaintiff's complaint appears to be that defendants have fraudulently used public funds to pay for the health

---

[1] Plaintiff's references to the health care reform legislation are presumably to the Patient Protection & Affordable Care Act, P.L. 111-148, 124 Stat. 119 (2010). The thirteen state defendants are those states that filed the first challenge to that law: Florida, South Carolina, Nebraska, Texas, Utah, Louisiana, Alabama, Michigan, Colorado, Pennsylvania, Washington, Idaho, and South Dakota. See Compl., ECF Doc. No. 1, at 14-17.

care reform litigation, have pursued the litigation without authorization from their citizens, and have pursued that litigation with an unlawful discriminatory purpose. The complaint also alleges that the defendants have misused or denied plaintiff access to funds from the Troubled Asset Relief Program ("TARP") and other federal funds intended to stimulate the economy, all in violation of the False Claims Act. He seeks $22 billion in damages and a broad injunction against further violations of the False Claims Act.

Jones' complaint must be dismissed for two reasons. First, the complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure 8. That Rule requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). The Court has reviewed the complaint, mindful that complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). But "[e]ven pro se litigants must comply with the Federal Rules of Civil Procedure." See Washington v. Geren, 675 F. Supp. 2d 26, 36 (D.D.C. 2009). Jones' complaint does not sufficiently put the numerous defendants on notice of the specific acts alleged to be unlawful; indeed, he makes only repeated sweeping references to the alleged unlawfulness of the health care reform litigation, his general entitlement to TARP and other federal funds, and the alleged injustice of defendants' actions. Nor does he articulate a comprehensible legal or factual basis for relief, even under the liberal notice pleading standards of the Federal Rules.

Where, as here, a plaintiff has failed to comply with the Federal Rules, the Court may dismiss the action sua sponte. See Fed. R. Civ. P. 41(b); Ciralsky v. Cent. Intelligence Agency, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 "'is usually reserved for those cases

in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" <u>Ciralsky</u>, 355 F.3d at 670 n.9 (quoting <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995)). Jones' complaint satisfies this standard.

Even if Jones' complaint pled facts sufficient to support a claim under the False Claims Act, this suit cannot go forward. A relator in a <u>qui tam</u> action may not proceed <u>pro se</u>. See <u>U.S. ex rel. Fisher v. Network Software Assocs.</u>, 377 F. Supp. 2d 195, 196 (D.D.C. 2005); <u>Rockefeller v. Westinghouse Elec. Co.</u>, 274 F. Supp. 2d 10, 12 (D.D.C. 2003). "[A]lthough a <u>qui tam</u> relator has an interest in the action, the real party in interest in such a case is the United States, regardless of whether the government chooses to intervene." <u>U.S. ex rel. Fisher</u>, 377 F. Supp. at 196. "The need for adequate legal representation on behalf of the United States is obviously essential." <u>Rockefeller</u>, 274 F. Supp. 2d at 16. Hence, Jones cannot maintain this suit as <u>qui tam</u> relator because of his <u>pro se</u> status.

For the foregoing reasons, the complaint will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/  
JOHN D. BATES  
United States District Judge

Dated: September 23, 2010